Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/22/2017 08:10 PM CST

STATE OF NEBRASKA, APPELLEE, V.
JAY D. AMAYA, APPELLANT.
___ N.W.2d ___

Filed October 20, 2017.    No. S-16-959.

1. **Postconviction: Constitutional Law: Appeal and Error.** In appeals
from postconviction proceedings, an appellate court reviews de novo a
determination that the defendant failed to allege sufficient facts to dem-
onstrate a violation of his or her constitutional rights or that the record
and files affirmatively show that the defendant is entitled to no relief.
The lower court's findings of fact will be upheld unless such findings
are clearly erroneous.

2. **Judgments: Appeal and Error.** An appellate court reviews a denial of
a motion to alter or amend the judgment for an abuse of discretion.

3. **Postconviction.** A defendant is entitled to bring a second proceeding for
postconviction relief only if the grounds relied upon did not exist at the
time the first motion was filed.

4. **Postconviction: Limitations of Actions.** The 1-year statute of limita-
tions in Neb. Rev. Stat. § 29-3001(4) (Reissue 2016) applies to all veri-
fied motions for postconviction relief, including successive motions.

5. ____: ____. If, as part of its preliminary review, the trial court finds
the postconviction motion affirmatively shows—either on its face or in
combination with the files and records before the court—that it is time
barred under Neb. Rev. Stat. § 29-3001(4) (Reissue 2016), the court
is permitted, but not obliged, to sua sponte consider and rule upon the
timeliness of the motion.

6. **Constitutional Law: Statutes: Sentences.** A law which purports to
apply to events that occurred before the law's enactment, and which dis-
advantages a defendant by creating or enhancing penalties that did not
exist when the offense was committed, is an ex post facto law and will
not be endorsed by the courts.

7. ____: ____: ____. There are four types of ex post facto laws: those
which (1) punish as a crime an act previously committed which was

innocent when done; (2) aggravate a crime, or make it greater than it was, when committed; (3) change the punishment and inflict a greater punishment than was imposed when the crime was committed; and (4) alter the legal rules of evidence such that less or different evidence is needed in order to convict the offender.

8. **Postconviction: Constitutional Law: Limitations of Actions: Sentences.** The statutory time limits in Neb. Rev. Stat § 29-3001(4) (Reissue 2016) do not result in ex post facto punishment.

9. **Postconviction: Limitations of Actions: Proof.** To satisfy the tolling provision of Neb. Rev. Stat. § 29-3001(4)(c) (Reissue 2016), a prisoner must show there was (1) an impediment created by state action, (2) which amounted to a violation of the federal or state Constitution or a state law, and (3) as a result, the prisoner was prevented from filing a verified motion. If all these factors are satisfied, the 1-year limitation period will begin to run on the date the impediment was removed.

10. **Postconviction: Rules of the Supreme Court.** Postconviction proceedings are not governed by the Nebraska Court Rules of Pleading in Civil Cases, and Nebraska's postconviction statutes do not contemplate the opportunity to amend a postconviction motion after the court has determined it does not necessitate an evidentiary hearing.

11. **Judgments: Pleadings: Time.** Under Neb. Rev. Stat. § 25-1329 (Reissue 2016), a motion to alter or amend a judgment shall be filed no later than 10 days after the entry of the judgment.

Appeal from the District Court for Lincoln County: Donald E. Rowlands, Judge. Affirmed.

Jay D. Amaya, pro se.

Douglas J. Peterson, Attorney General, and Nathan A. Liss for appellee.

Heavican, C.J., Wright, Miller-Lerman, Cassel, Stacy, Kelch, and Funke, JJ.

Stacy, J.

Jay D. Amaya filed a successive motion for postconviction relief. The district court denied the motion without conducting an evidentiary hearing, and Amaya filed this appeal. We affirm.

## I. FACTS

In 1999, Amaya pled no contest to one count of first degree murder, one count of use of a knife in the commission of a felony, and one count of sexual assault.[1] The charges arose out of the assault and murder of Sheri Fhuere.[2] No direct appeal was filed.

In 2006, Amaya filed a motion for postconviction relief, alleging various instances of ineffective assistance of counsel. After conducting an evidentiary hearing, the district court denied relief, and we affirmed.[3]

On September 2, 2016, Amaya filed what he captioned a "Successive Verified Motion for Postconviction Relief." Amaya's pro se motion acknowledged the 1-year statute of limitations for the filing of postconviction actions imposed by Neb. Rev. Stat. § 29-3001(4) (Reissue 2016), but alleged his successive motion was not time barred for several reasons that we discuss in more detail later. The successive motion alleged trial counsel was ineffective because (1) he did not make Amaya aware of documents and evidence relating to his defense and (2) he incorrectly told Amaya that he could get the death penalty if convicted. The successive motion also alleged that counsel appointed to represent Amaya in his original postconviction action was ineffective for not raising these issues. Amaya also attempted to include, in his postconviction motion, a motion for new trial pursuant to Neb. Rev. Stat. §§ 29-2101 to 29-2103 (Reissue 2016).

On September 7, 2016, the district court denied Amaya's successive postconviction motion without conducting an evidentiary hearing and without requesting a response from the State. The court concluded the motion (1) was time barred under § 29-3001(4), (2) impermissibly sought to raise grounds for relief that either had been litigated in Amaya's

---

[1] See *State v. Amaya*, 276 Neb. 818, 758 N.W.2d 22 (2008).

[2] *Id.*

[3] *Id.*

first postconviction motion[4] or were available at the time of his first motion,[5] and (3) was "completely frivolous." The district court did not expressly address the motion for new trial, but implicitly overruled it by dismissing the entire successive motion, and all accompanying motions, with prejudice.

On September 9, 2016, before he had received the court's order denying his successive motion, Amaya filed a motion for leave to amend his successive motion. He attached an amended successive motion for postconviction relief to this motion. On September 14, the district court denied Amaya's motion to amend, reasoning it had already ruled on and dismissed his successive motion.[6]

On September 26, 2016, Amaya filed a motion to alter or amend the judgment entered September 7. The district court denied the motion to alter or amend, finding it was not filed within 10 days of the September 7 order and thus was untimely under Neb. Rev. Stat. § 25-1329 (Reissue 2016). Amaya subsequently filed this appeal.

## II. ASSIGNMENTS OF ERROR

Amaya assigns, reordered and restated, that the district court erred in (1) denying his successive motion for postconviction relief without notice and hearing, (2) denying his motion to alter or amend the judgment and denying his motion to amend the successive postconviction motion, and (3) denying his motion for appointment of postconviction counsel.

## III. STANDARD OF REVIEW

[1] In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant

---

[4] See *State v. Luna*, 230 Neb. 966, 434 N.W.2d 526 (1989).

[5] See *State v. Williams*, 295 Neb. 575, 889 N.W.2d 99 (2017).

[6] See *State v. Robertson*, 294 Neb. 29, 881 N.W.2d 864 (2016) (postconviction statutes do not contemplate opportunity to amend postconviction motion after court determines motion is insufficient to necessitate an evidentiary hearing).

failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief.[7] The lower court's findings of fact will be upheld unless such findings are clearly erroneous.[8]

[2] An appellate court reviews a denial of a motion to alter or amend the judgment for an abuse of discretion.[9]

## IV. ANALYSIS

### 1. Successive Motion Was Properly Dismissed

[3] This is Amaya's second motion for postconviction relief. A defendant is entitled to bring a second proceeding for post-conviction relief only if the grounds relied upon did not exist at the time the first motion was filed.[10] But here, it is not necessary to determine whether any of the grounds alleged in Amaya's successive motion existed at the time of his earlier postconviction motion, because we agree with the district court that his successive postconviction motion is time barred under § 29-3001(4), which provides:

A one-year period of limitation shall apply to the filing of a verified motion for postconviction relief. The one-year limitation period shall run from the later of:

(a) The date the judgment of conviction became final by the conclusion of a direct appeal or the expiration of the time for filing a direct appeal;

(b) The date on which the factual predicate of the constitutional claim or claims alleged could have been discovered through the exercise of due diligence;

---

[7] *State v. Nolan*, 292 Neb. 118, 870 N.W.2d 806 (2015); *State v. Cook*, 290 Neb. 381, 860 N.W.2d 408 (2015).

[8] *State v. Poindexter*, 277 Neb. 936, 766 N.W.2d 391 (2009); *State v. Watkins*, 277 Neb. 428, 762 N.W.2d 589 (2009).

[9] *Knapp v. Ruser*, 297 Neb. 639, 901 N.W.2d 31 (2017).

[10] *State v. Hessler*, 288 Neb. 670, 850 N.W.2d 777 (2014).

(c) The date on which an impediment created by state action, in violation of the Constitution of the United States or the Constitution of Nebraska or any law of this state, is removed, if the prisoner was prevented from filing a verified motion by such state action;

(d) The date on which a constitutional claim asserted was initially recognized by the Supreme Court of the United States or the Nebraska Supreme Court, if the newly recognized right has been made applicable retroactively to cases on postconviction collateral review; or

(e) August 27, 2011.

[4] The 1-year statute of limitations in § 29-3001(4) applies to all verified motions for postconviction relief, including successive motions.[11]

### (a) Court May Consider Timeliness Sua Sponte

In the instant appeal, the district court denied the successive postconviction motion as time barred without requiring notice to be served on the county attorney[12] and without requiring the State to file a written response.[13] As such, the State did not have an opportunity to raise the affirmative defense that the successive postconviction motion was time barred.

In *State v. Crawford*,[14] we held that the 1-year limitation period in § 29-3001(4) is not a jurisdictional requirement, but instead is in the nature of a statute of limitations. We held that because the State did not raise the statute of limitations as an affirmative defense, the issue was waived and could not be raised for the first time on appeal. But in *Crawford*, we noted:

---

[11] See *State v. Goynes*, 293 Neb. 288, 876 N.W.2d 912 (2016).

[12] See § 29-3001(2).

[13] See, generally, *Robertson, supra* note 6 (noting district court may ask State to respond to postconviction motion). See, also, *State v. McLeod*, 274 Neb. 566, 741 N.W.2d 664 (2007); *State v. Dean*, 264 Neb. 42, 645 N.W.2d 528 (2002).

[14] *State v. Crawford*, 291 Neb. 362, 865 N.W.2d 360 (2015).

"The court did not raise the issue sua sponte, and we therefore need not determine whether a court may raise the issue sua sponte when the State fails to do so."[15]

Here, we are squarely presented with the question whether a court can raise the statute of limitations issue sua sponte as part of its preliminary review of the postconviction motion. We conclude it can.

Section 29-3001(2) expressly provides that a district court in Nebraska must review a postconviction action when it is filed and that "[u]nless the motion and the files and records of the case show to the satisfaction of the court that the prisoner is entitled to no relief, the court shall cause notice thereof to be served on the county attorney . . . ." The plain language of § 29-3001 both authorizes and requires a district court to conduct a preliminary review of a postconviction motion.[16]

The U.S. Supreme Court considered a similar requirement in *Day v. McDonough*[17] and concluded it permitted federal district courts to consider sua sponte the timeliness of habeas petitions. In *Day*, a prisoner filed a petition for a writ of habeas corpus that was governed by a 1-year statute of limitation.[18] The State apparently miscalculated the applicable tolling period and conceded in its answer that the petition was timely filed. When the federal court reviewed the calculations, it found the State had erred; the court ultimately dismissed the habeas petition as untimely. The prisoner appealed, arguing the court had no authority to dismiss based on the limitation period after the State had conceded timeliness in its answer. The Supreme Court ultimately concluded that federal district courts are permitted, but not obliged, to sua sponte consider the timeliness of a state prisoner's habeas petition. *Day* noted

---

[15] *Id*. at 372, 865 N.W.2d at 368.

[16] See *Robertson, supra* note 6.

[17] *Day v. McDonough*, 547 U.S. 198, 126 S. Ct. 1675, 164 L. Ed. 2d 376 (2006).

[18] See 28 U.S.C. § 2244(d) (2012).

in part that the applicable habeas rules required a district court to "'promptly examine'" habeas petitions and dismiss them "'[i]f it plainly appears . . . that the petitioner is not entitled to relief.'"[19]

[5] We find the reasoning of *Day* to be instructive, and we now hold that if, as part of its preliminary review, the trial court finds the postconviction motion affirmatively shows— either on its face or in combination with the files and records before the court—that it is time barred under § 29-3001(4), the court is permitted, but not obliged, to sua sponte consider and rule upon the timeliness of the motion.[20]

### (b) Successive Motion
### Was Time Barred

Amaya concedes his successive motion was filed more than 1 year after the date his judgment of conviction became final under § 29-3001(4)(a). And he does not claim that subsections (b), (d), or (e) of § 29-3001(4) apply to make his successive motion timely. Instead, Amaya claims his successive motion should be considered timely because (1) the time limits under § 29-3001(4) cannot be applied to him and (2) an "impediment created by state action" prevented him from filing his successive motion sooner. Neither claim has merit.

### *(i) No Ex Post Facto*
### *Punishment*

Amaya alleged that because his crime occurred before the 1-year limitation period was enacted by the Legislature in 2011,[21] applying the limitation period to him results in ex post facto punishment. We disagree.

---

[19] *Day, supra* note 17, 547 U.S. at 207. See Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. following § 2254 (2012).

[20] See *Day, supra* note 17.

[21] See 2011 Neb. Laws, L.B. 137, § 1.

[6,7] A law which purports to apply to events that occurred before the law's enactment, and which disadvantages a defendant by creating or enhancing penalties that did not exist when the offense was committed, is an ex post facto law and will not be endorsed by the courts.[22] There are four types of ex post facto laws: those which (1) punish as a crime an act previously committed which was innocent when done; (2) aggravate a crime, or make it greater than it was, when committed; (3) change the punishment and inflict a greater punishment than was imposed when the crime was committed; and (4) alter the legal rules of evidence such that less or different evidence is needed in order to convict the offender.[23]

[8] The addition of a statutory time limitation on a defendant's postconviction remedy does not fall within any of the four categories of ex post facto laws. The statutory time limits in § 29-3001(4) do not result in ex post facto punishment, and Amaya's claim to the contrary is without merit.

### (ii) No Impediment Under
### § 29-3001(4)(c)

Amaya alleges there was an "impediment created by state action" under § 29-3001(4)(c) which, he claims, continues to toll the 1-year time limit. Specifically, he alleges that his first postconviction counsel was ineffective for failing to adequately raise the claims of ineffective assistance of trial counsel that he now wishes to raise in his successive motion, and he contends this "impediment" prevented him from filing his successive motion sooner. We conclude Amaya's tolling argument fails as a matter of law.

[9] To satisfy the tolling provision of § 29-3001(4)(c), a prisoner must show there was (1) an impediment created by state action, (2) which amounted to a violation of the federal

---

[22] *State v. Harris*, 284 Neb. 214, 817 N.W.2d 258 (2012); *State v. Vela*, 279 Neb. 94, 777 N.W.2d 266 (2010).

[23] *State v. Kibbee*, 284 Neb. 72, 815 N.W.2d 872 (2012).

or state Constitution or a state law, and (3) as a result, the prisoner was prevented from filing a verified motion. If all these factors are satisfied, the 1-year limitation period will begin to run on the date the impediment was removed. Amaya has not satisfied any of these factors.

First, he has not shown how the alleged ineffective assistance about which he complains was "created by state action." Moreover, even if he could show state action, the alleged "impediment" would not rise to a constitutional violation as required by § 29-3001(4)(c), because we have consistently held there is no constitutional right to effective assistance of counsel in a postconviction proceeding.[24] And finally, Amaya has alleged no facts showing how the actions of his prior postconviction counsel prevented him from filing this successive postconviction motion sooner. Notably, the record shows Amaya's first postconviction action was concluded in 2008, and he did not file this successive verified motion until 2016.

Our de novo review of the record and files affirmatively shows that Amaya's successive motion is time barred under § 29-3001(4) and was properly dismissed by the district court on that basis. For the same reason, we find no error in the district court's denial of Amaya's motion for appointment of postconviction counsel.[25] His first and third assignments of error have no merit.

## 2. Amaya's Other Assignments of Error Are Without Merit

### (a) No Error in Overruling Motion to Amend

After the court considered and dismissed Amaya's successive postconviction motion with prejudice, Amaya sought leave

---

[24] *Hessler, supra* note 10. See, also, *State v. Deckard*, 272 Neb. 410, 722 N.W.2d 55 (2006); *State v. Bao*, 269 Neb. 127, 690 N.W.2d 618 (2005).

[25] See *State v. Armendariz*, 289 Neb. 896, 857 N.W.2d 775 (2015).

to amend the motion. The district court overruled the request to amend, reasoning the postconviction proceeding already had been dismissed. Amaya argues that despite the timing, he should have been permitted to amend his postconviction motion pursuant to Neb. Ct. R. Pldg. § 6-1115(a) and *State v. Mata*.[26] We addressed and rejected a similar argument in *State v. Robertson*.[27]

[10] In *Robertson,* we clarified that postconviction proceedings are not governed by the Nebraska Court Rules of Pleading in Civil Cases, and we held that Nebraska's postconviction statutes do not contemplate the opportunity to amend a postconviction motion after the court has determined it does not necessitate an evidentiary hearing.[28] Because Amaya did not seek leave to amend until after his successive postconviction action had been dismissed, we find no abuse of discretion in not allowing the amendment.

### (b) No Error in Overruling Motion to Alter or Amend Judgment

The court overruled Amaya's motion to alter or amend the judgment of dismissal, finding it was not filed within 10 days of the order dismissing the successive motion and therefore was not timely.

[11] Under § 25-1329, "[a] motion to alter or amend a judgment shall be filed no later than ten days after the entry of the judgment." The record shows Amaya's motion to alter or amend the judgment was filed 19 days after judgment was entered, and it sought to vacate the judgment of dismissal in order to amend a successive motion that was clearly time barred. Under these circumstances, we can find no abuse of

---

[26] *State v. Mata*, 280 Neb. 849, 790 N.W.2d 716 (2010), *disapproved, Robertson, supra* note 6.

[27] *Robertson, supra* note 6.

[28] See *id.*

discretion in the court's decision to overrule the motion to alter or amend the judgment of dismissal.

## V. CONCLUSION

For the foregoing reasons, we affirm the decision of the district court dismissing Amaya's successive motion for post-conviction relief.

Affirmed.