IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. DOBER

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

DANIEL J. DOBER, APPELLANT.

Filed August 20, 2019.    No. A-18-1088.

Appeal from the District Court for Douglas County: JAMES T. GLEASON, Judge. Affirmed.

Daniel J. Dober, pro se.

Douglas J. Peterson, Attorney General, and Austin N. Relph for appellee.

MOORE, Chief Judge, and PIRTLE and WELCH, Judges.

MOORE, Chief Judge.

## INTRODUCTION

Daniel J. Dober appeals from the order of the district court for Douglas County, which denied his successive motion for postconviction relief without an evidentiary hearing. Because Dober's various claims are time barred, procedurally barred, or not properly before this court, we affirm.

## BACKGROUND

In 2006, Dober was convicted of second degree murder and use of a weapon to commit a felony, found to be a habitual criminal, and sentenced to 60 to 100 years' imprisonment on the murder conviction and 10 to 20 years' imprisonment on the use of a weapon conviction. The background of the case is summarized in Dober's direct appeal heard by this court. See *State v. Dober*, No. A-06-1334, 2007 WL 2601477 (Neb. App. Sept. 11, 2007) (not designated for permanent publication). On direct appeal, in addition to challenging the sufficiency of the evidence

to convict him, Dober argued that the trial court erred by failing to grant a mistrial when the State, during closing argument, read from a letter that was not in evidence and by sustaining the State's objection to the calling of several "character" witnesses by Dober. This court affirmed Dober's convictions and sentences in a memorandum opinion filed September 11, 2007. See *id.* Dober's petition for further review was denied by the Nebraska Supreme Court on November 21, 2007.

As noted by the district court in its order denying Dober's current successive motion for postconviction relief, Dober has since filed numerous collateral attacks on his convictions. The court denied Dober's first motion for postconviction relief in December 2007. Dober then moved for a new trial based on newly discovered evidence, and the court's denial of his new trial motion was affirmed by this court on November 10, 2009. See *State v. Dober*, No. A-09-364, 2009 WL 3777665 (Neb. App. Nov. 10, 2009) (selected for posting to court website). Dober filed two subsequent postconviction motions in 2012 and 2013, both of which were denied by the court as being procedurally or time barred. And, in November 2014, the court denied a writ of coram nobis filed by Dober.

On September 17, 2018, Dober filed the current successive motion for postconviction relief. He alleged that (1) "Neb. Rev. Stat. § 29-3001 [a]s [a]mended [b]y [t]he Nebraska Legislature [i]n 2011" was unconstitutional, (2) he received ineffective assistance of trial counsel, (3) the habitual criminal enhancement of his sentence was void because several of the prior convictions used for enhancement were not final judgments, (4) the use of cell phone data at his trial violated the Fourth Amendment, and (5) he had discovered witness tampering by the State about 8 months prior to filing his current postconviction motion.

The district court denied Dober's successive motion for postconviction relief on November 1, 2018, without an evidentiary hearing, finding that the issues raised in Dober's motion were time barred pursuant to Neb. Rev. Stat. § 29-3001(4) (Reissue 2016) and procedurally barred. Dober subsequently perfected the present appeal to this court.

## ASSIGNMENTS OF ERROR

Dober asserts the district court erred by failing to grant an evidentiary hearing to address (1) the constitutionality of "Neb. Rev. Stat. § 29-2221 [sic]," (2) his claims of newly discovered evidence, as applied to the prosecutor tampering with a witness, (3) whether the habitual criminal enhancement of his sentence was void because several of the prior convictions used for enhancement were not final judgments, (4) his claims of ineffective assistance of trial counsel, and (5) the issue of "the police not obtaining a warrant before intruding on the cell phone data." Brief for appellant at 3-4.

## STANDARD OF REVIEW

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Privett*, 303 Neb. 404, 929 N.W.2d 505 (2019).

ANALYSIS

*Constitutionality of § 29-3001.*

Dober asserts the district court erred by failing to grant an evidentiary hearing to address the constitutionality of "Neb. Rev. Stat. § 29-2221 [sic]." Brief for appellant 3. Although Dober references a different statutory section in his assigned error, it is clear from reviewing both his current postconviction motion and the argument section of his brief, that he intended to reference the constitutionality of § 29-3001, in particular, the limitations period set forth in § 29-3001(4).

This is not Dober's first motion for postconviction relief. A defendant is entitled to bring a second proceeding for postconviction relief only if the grounds relied upon did not exist at the time the first motion was filed. *State v. Amaya*, 298 Neb. 70, 902 N.W.2d 675 (2017). The 1-year statute of limitations in § 29-3001(4) applies to all verified motions for postconviction relief, including successive motions. *State v. Amaya, supra*. Section 29-3001(4) provides that:

> A one-year period of limitation shall apply to the filing of a verified motion for postconviction relief. The one-year limitation period shall run from the later of:
>
> (a) The date the judgment of conviction became final by the conclusion of a direct appeal or the expiration of the time for filing a direct appeal;
>
> (b) The date on which the factual predicate of the constitutional claim or claims alleged could have been discovered through the exercise of due diligence;
>
> (c) The date on which an impediment created by state action, in violation of the Constitution of the United States or the Constitution of Nebraska or any law of this state, is removed, if the prisoner was prevented from filing a verified motion by such state action;
>
> (d) The date on which a constitutional claim asserted was initially recognized by the Supreme Court of the United States or the Nebraska Supreme Court, if the newly recognized right has been made applicable retroactively to cases on postconviction collateral review; or
>
> (e) August 27, 2011.

Dober was sentenced in November 2006 and his convictions were affirmed on September 11, 2007. He filed the current motion for postconviction relief on September 17, 2018. Accordingly, the latest date from which the 1-year limitations period runs is August 27, 2011, as set forth in § 29-3001(4)(e). Dober's motion is time barred absent facts bringing his claims within § 29-3001(4)(b), (c), or (d).

Aside from the timeliness of Dober's current postconviction motion, his first assignment of error fails because Dober did not properly raise his challenge to the constitutionality of § 29-3001. Initially, we observe that the Nebraska Court of Appeals cannot determine the constitutionality of a statute, yet when necessary to a decision in the case before it, the court does have jurisdiction to determine whether a constitutional question has been properly raised. *State v. Doyle*, 18 Neb. App. 495, 787 N.W.2d 254 (2010). To properly raise a challenge to the constitutionality of a statute, a litigant is required to strictly comply with Neb. Ct. R. App. P. § 2-109(E) (rev. 2014) and to properly raise and preserve the issue before the trial court. *State v. Doyle, supra*. Dober's challenge fails because he did not file notice as required by § 2-109(E).

Section 2-109(E) requires that a party presenting a case involving the federal or state constitutionality of a statute must file and serve notice thereof with the Supreme Court Clerk by a separate written notice or by notice in a petition to bypass at the time of filing such party's brief. Strict compliance with § 2-109(E) is necessary whenever a litigant challenges the constitutionality of a statute, regardless of how that constitutional challenge may be characterized. *State v. Epp*, 299 Neb. 703, 910 N.W.2d 91 (2018). While Dober filed a petition to bypass, he did not give notice therein that he was challenging the constitutionality of § 29-3001; he merely repeated the language of Neb. Rev. Stat. § 24-1106(2) (Reissue 2016) (stating factors Supreme Court may consider in deciding whether to grant petition to bypass). Dober's recitation of the provisions of § 24-1106(2) did nothing to alert the Nebraska Supreme Court to his challenge to the constitutionality of § 29-3001. We also note that in *State v. Amaya*, 298 Neb. 70, 902 N.W.2d 675 (2017), the Nebraska Supreme Court held that the statutory time limits in § 29-3001(4) do not result in ex post facto punishment. See, also, *State v. Goynes*, 293 Neb. 288, 876 N.W.2d 912 (2016) (recognizing that states are not obligated to provide postconviction relief procedure, agreeing that reasonable procedural requirements are permissible, and noting that limitations periods in postconviction context have withstood constitutional challenges).

*Newly Discovered Evidence.*

Dober asserts the district court erred by failing to grant an evidentiary hearing to address his claims of newly discovered evidence, as applied to the prosecutor tampering with a witness. He argues that about 8 months prior to filing his successive motion he discovered that the prosecutor allegedly allowed a witness to hear phone calls made by Dober, in an effort to persuade that witness to testify. He argues further that if the prosecutor had not allowed the witness to hear those calls, "there is a substantial likelihood that she would not have testified" against him, which "would have completely changed the outcome of the proceedings." Brief for appellant at 13.

Presumably, Dober is arguing that this claim is timely under § 29-3001(4)(b); however, even if timely, this claim fails because Dober has failed to allege facts entitling him to an evidentiary hearing on it. A defendant seeking relief under the Nebraska Postconviction Act must show that his or her conviction was obtained in violation of his or her constitutional rights. *State v. Johnson*, 298 Neb. 491, 904 N.W.2d 714 (2017). An evidentiary hearing on a motion for postconviction relief is required on an appropriate motion containing factual allegations which, if proved, constitute an infringement of the movant's rights under the Nebraska or federal Constitution, causing the judgment against the defendant to be void or voidable. *Id.* Dober has not alleged a violation of his constitutional rights, and primarily challenges the sufficiency of the evidence to convict him, a matter that was already litigated on direct appeal. A motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal. *State v. Martinez*, 302 Neb. 526, 924 N.W.2d 295 (2019). An evidentiary hearing was not warranted on this claim.

*Habitual Criminal Enhancement.*

Dober asserts the district court erred by failing to grant an evidentiary hearing to address whether the habitual criminal enhancement of his sentence was void because several of the prior

convictions used for enhancement were not final judgments. We have already determined that Dober's successive postconviction motion was time barred unless he can show that § 29-3001(4)(b), (c), or (d) applies to one of his claims. He has not made that showing with respect to this claim. The factual predicate of this claim would have been known to Dober at the time of his trial and sentencing, there was no state created impediment, and this claim is not based on a newly recognized constitutional right. Further, this claim could have been asserted by Dober on direct appeal and is also procedurally barred. See *State v. Martinez, supra* (motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal). No evidentiary hearing was warranted on this claim.

*Ineffective Assistance of Trial Counsel.*

Dober asserts the district court erred by failing to grant an evidentiary hearing to address his claims of ineffective assistance of trial counsel. He argues that his trial counsel was ineffective for failing to file "a [m]otion to [q]uash the [i]nformation, as it related to the constitutionality of Neb. Rev. Stat. §§ 29-2221, 83-1,107, and 83-1,110, facially and as-applied." Brief for appellant at 13.

Dober has not alleged facts supporting timeliness of his successive postconviction motion under § 29-3001(4)(c) or (d).

With respect to § 29-3001(4)(b), the factual predicate for a claim of ineffectiveness of counsel concerns whether the important objective facts could reasonably have been discovered, not when the claimant should have discovered the legal significance of those facts. *State v. Jerke*, 302 Neb. 372, 923 N.W.2d 78 (2019). The factual predicate for a claim based on ineffective assistance of counsel includes facts suggesting both unreasonable performance and the resulting prejudice. *State v. Mamer*, 289 Neb. 92, 853 N.W.2d 517 (2014). The factual predicate for a claim concerns whether the important objective facts could reasonably have been discovered, not when the claimant should have discovered the legal significance of those facts. *Id.* Dober does not allege that the factual predicate for his ineffective assistance claim was not discoverable through the exercise of due diligence within the 1-year limitation period. Rather, he simply argues that the statutory sections referenced in his claim were unconstitutional, and that had his trial counsel filed motions challenging their constitutionality, "there is a reasonable likelihood that the outcome of the proceedings would have been different." Brief for appellant at 15. This claim was time barred as well as procedurally barred and did not warrant an evidentiary hearing.

*Warrant for Cell Phone Data.*

Dober asserts the district court erred by failing to grant an evidentiary hearing to address the issue of "the police not obtaining a warrant before intruding on the cell phone data." Brief for appellant at 3-4. He argues that the State illegally obtained cell phone data in violation of *Carpenter v. U.S.*, ___ U.S. ___, 138 S. Ct. 2206, 201 L. Ed. 2d 507 (2018) (holding that because individuals have reasonable expectation of privacy in record of physical movements captured by cell site location information, government must generally obtain warrant supported by probable cause before acquiring such records). Dober also argues that the State introduced such cell phone data and other related evidence at trial in violation of the Confrontation Clause of the Sixth

Amendment to the U.S. Constitution. An evidentiary hearing was not warranted on either portion of this claim because it was time barred.

The factual predicate of this claim, the warrantless "intrusion" on the cell phone data at issue and the use of that evidence at trial, would have been known to Dober at the time of his trial and sentencing. Thus, § 29-3001(4)(b) does not apply to either portion of this claim. Likewise, § 29-3001(4)(c) does not apply because there was no state-created impediment, which prevented Dober from filing his motion within the limitations period. Finally, although *Carpenter v. U.S., supra*, seemingly recognized a new constitutional rule, it did not announce a new substantive rule of constitutional law to be applied retroactively to cases on postconviction collateral review. Thus, § 29-3001(4)(d) does not apply to the *Carpenter* portion of Dober's claim.

New substantive rules of constitutional law for criminal cases generally apply retroactively. *State v. Glass*, 298 Neb. 598, 905 N.W.2d 265 (2018). Substantive rules include rules forbidding criminal punishment of certain primary conduct and rules prohibiting a certain category of punishment for a class of defendants because of their status or offense. *Id.* Constitutional substantive rules alter the range of conduct or the class of persons that the law punishes. *Id.* Substantive rules apply retroactively, because they carry a significant risk that a defendant stands convicted of an act that the law does not make criminal or faces a punishment that the law cannot impose upon him or her. *Id.*

New constitutional rules of criminal procedure generally do not apply retroactively. *Id.* Most procedural rules regulate only the manner of determining the defendant's culpability. *Id.* They do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise. *Id.* Courts give retroactive effect to only a small set of "watershed rules of criminal procedure" implicating the fundamental fairness and accuracy of the criminal proceeding. *Id.* Dober does not argue that the rule in *Carpenter v. U.S.*, ___ U.S. ___, 138 S. Ct. 2206, 201 L. Ed. 2d 507 (2018), implicates a watershed rule of criminal procedure, and we agree it does not.

CONCLUSION

The district court did not err in denying Dober's successive motion for postconviction relief without an evidentiary hearing.

AFFIRMED.