Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
10/26/2018 10:14 AM CDT

State of Nebraska, appellee, v.
Marco E. Torres, Jr., appellant.
___ N.W.2d ___

Filed August 3, 2018.    No. S-17-740.

1. **Postconviction: Constitutional Law: Appeal and Error.** In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief.

2. **Limitations of Actions.** If the facts in a case are undisputed, the issue as to when the statute of limitations begins to run is a question of law.

3. **Postconviction: Limitations of Actions.** If, as part of its preliminary review, the trial court finds the postconviction motion affirmatively shows—either on its face or in combination with the files and records before the court—that it is time barred under Neb. Rev. Stat. § 29-3001(4) (Reissue 2016), the court is permitted, but not obliged, to sua sponte consider and rule upon the timeliness of the motion.

4. **Postconviction: Limitations of Actions: Appeal and Error.** A district court has discretion to adopt reasonable procedures for determining what the postconviction motion and the files and records show, and whether the defendant has raised any substantial issues, before granting a full evidentiary hearing. District courts also have discretion to adopt reasonable procedures for determining whether to rule sua sponte on the timeliness of a postconviction motion. An appellate court will examine these procedures for an abuse of discretion, which exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition.

5. **Postconviction: Appeal and Error.** An appellate court will not consider as an assignment of error a question not presented to the district court for disposition through a defendant's motion for postconviction relief.

6. **Appeal and Error.** An appellate court always reserves the right to note plain error that was not complained of at trial or on appeal.

7. ____. Plain error may be found on appeal when an error, plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process.

Appeal from the District Court for Hall County: James D. Livingston, Judge. Affirmed.

Jeffery A. Pickens, of Nebraska Commission on Public Advocacy, for appellant.

Douglas J. Peterson, Attorney General, and James D. Smith for appellee.

Brian William Stull, of American Civil Liberties Union Foundation, and Amy A. Miller, of American Civil Liberties Union of Nebraska Foundation, for amici curiae American Civil Liberties Union Capital Punishment Project and American Civil Liberties Union of Nebraska Foundation.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, and Funke, JJ., and Harder and Noakes, District Judges.

Stacy, J.

This is an appeal from the denial of postconviction relief. The district court, sua sponte, found Marco E. Torres, Jr.'s, successive motion for postconviction relief was time barred under the 1-year limitations period of Neb. Rev. Stat. § 29-3001(4) (Reissue 2016) and denied relief without conducting an evidentiary hearing. On appeal, Torres argues the procedure used by the district court was improper. We find no abuse of discretion in the procedure followed, and affirm.

## FACTS

In 2009, a jury found Torres guilty of two counts of first degree murder and other felony offenses. He was sentenced to

death for each of the murders and sentenced to prison terms for the other felonies. We affirmed his convictions and sentences on direct appeal.[1]

Torres moved for postconviction relief in 2013, raising claims of prosecutorial misconduct and ineffective assistance of counsel. After various delays, the district court conducted an evidentiary hearing and then denied postconviction relief. We affirmed the denial of postconviction relief in February 2017.[2]

In June 2017, Torres filed this successive motion for postconviction relief. His successive motion alleges two claims, each premised on a U.S. Supreme Court case. Specifically, Torres alleges his death sentences are unconstitutional under *Hurst v. Florida*[3] and *Johnson v. U.S.*[4] He alleges that *Hurst* and *Johnson* both announced newly recognized constitutional claims and that both should be applied retroactively to cases on collateral review.

The district court did not reach the merits of either of the claims alleged in Torres' successive motion because it determined, sua sponte, the motion was time barred under the 1-year limitations period in § 29-3001(4). Section 29-3001(4) applies to successive postconviction motions[5] and provides:

(4) A one-year period of limitation shall apply to the filing of a verified motion for postconviction relief. The one-year limitation period shall run from the later of:

---

[1] *State v. Torres*, 283 Neb. 142, 812 N.W.2d 213 (2012).

[2] *State v. Torres*, 295 Neb. 830, 894 N.W.2d 191 (2017).

[3] *Hurst v. Florida*, ___ U.S. ___, 136 S. Ct. 616, 193 L. Ed. 2d 504 (2016) (holding Florida's capital sentencing scheme unconstitutional because judge, not jury, made critical findings needed for imposition of death sentence).

[4] *Johnson v. U.S.*, ___ U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015) (holding "violent felony" enhancer in Armed Career Criminal Act of 1984 unconstitutionally vague).

[5] See *State v. Amaya*, 298 Neb. 70, 902 N.W.2d 675 (2017).

(a) The date the judgment of conviction became final by the conclusion of a direct appeal or the expiration of the time for filing a direct appeal;

(b) The date on which the factual predicate of the constitutional claim or claims alleged could have been discovered through the exercise of due diligence;

(c) The date on which an impediment created by state action, in violation of the Constitution of the United States or the Constitution of Nebraska or any law of this state, is removed, if the prisoner was prevented from filing a verified motion by such state action;

(d) The date on which a constitutional claim asserted was initially recognized by the Supreme Court of the United States or the Nebraska Supreme Court, if the newly recognized right has been made applicable retroactively to cases on postconviction collateral review; or

(e) August 27, 2011.

In its order, the district court found Torres' successive motion was time barred under § 29-3001(4)(d). The court reasoned that Torres' claims were based exclusively on *Hurst* (decided in January 2016) and *Johnson* (decided in June 2015), and both cases had been decided more than 1 year before the date Torres filed his successive postconviction motion. The court did not expressly rule on the applicability of the other subsections of § 29-3001(4).

After concluding the successive motion was time barred under § 29-3001(4)(d), the court denied postconviction relief and overruled Torres' motion for appointment of counsel. Torres timely appealed. He filed a motion for appointment of counsel on appeal, which this court granted.

## ASSIGNMENTS OF ERROR

Torres assigns, restated and consolidated, that the district court erred in (1) failing to hold a records hearing or certify the record pursuant to *State v. Glover*,[6] (2) determining sua

---

[6] *State v. Glover*, 276 Neb. 622, 756 N.W.2d 157 (2008).

sponte that his successive motion was barred by the 1-year limitations period without giving Torres notice and an opportunity to be heard, and (3) determining his successive motion failed to allege sufficient facts to support claims under *Hurst* and *Johnson*.

Torres also assigns that this court committed plain error when it determined, in an earlier opinion resolving his direct appeal, that Torres' convictions for kidnapping, robbery, and two weapons charges satisfied the first prong of the aggravator in Neb. Rev. Stat. § 29-2523(1)(a) (Reissue 2008).[7]

## STANDARD OF REVIEW

[1] In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief.[8]

[2] If the facts in a case are undisputed, the issue as to when the statute of limitations begins to run is a question of law.[9]

## ANALYSIS

As a threshold matter, we observe that Torres does not assign error to the district court's finding that his successive motion is time barred under § 29-3001(4)(d). Nor does Torres argue that his successive motion is actually timely under any of the subsections in § 29-3001(4). Instead, he primarily challenges the procedure followed by the district court when it reviewed and dismissed sua sponte his successive postconviction motion.

Before we address his procedural arguments, our de novo standard of review requires that we determine whether the files and records affirmatively show Torres is entitled to no relief

---

[7] See *Torres, supra* note 1.

[8] *State v. Johnson*, 298 Neb. 491, 904 N.W.2d 714 (2017).

[9] *State v. Epp*, 299 Neb. 703, 910 N.W.2d 91 (2018).

on his successive postconviction motion.[10] That necessarily requires us to determine whether the district court correctly concluded his successive motion is time barred.[11]

## Motion Is Time Barred

The Nebraska Postconviction Act contains a 1-year time limit for filing verified motions.[12] Generally speaking, that 1-year period runs from one of four triggering events or from August 27, 2011, whichever is later.[13] Summarized, those triggering events are: (a) the date the judgment of conviction became final,[14] (b) the date the factual predicate of the alleged constitutional claim could have been discovered through due diligence,[15] (c) the date an impediment created by state action was removed,[16] or (d) the date on which a new constitutional claim was recognized by either the Supreme Court of the United States or the Nebraska Supreme Court.[17]

In *State in Harrison*,[18] we looked to the allegations of the verified postconviction motion and the files and records of the case to determine which of the triggering events applied to our determination of timeliness under § 29-3001(4). We follow the same procedure here, and conclude none of the triggering events apply to make Torres' successive motion timely.

Torres' convictions became final on February 3, 2012,[19] and he filed his successive motion on June 14, 2017. His successive motion is not timely under § 29-3001(4)(a), because it was

---

[10] See *Johnson, supra* note 8.

[11] See *State v. Harrison*, 293 Neb. 1000, 881 N.W.2d 860 (2016).

[12] See § 29-3001(4).

[13] See *Harrison, supra* note 11 (citing § 29-3001(4)).

[14] § 29-3001(4)(a).

[15] § 29-3001(4)(b).

[16] § 29-3001(4)(c).

[17] § 29-3001(4)(d).

[18] *Harrison, supra* note 11.

[19] See *Torres, supra* note 1.

filed more than 1 year after his conviction became final. His successive motion is not timely under § 29-3001(4)(b), because the factual predicates for the claims he asserts occurred during his trial and are found in the trial record. The triggering event in § 29-3001(4)(c) does not apply, because Torres has not alleged any facts suggesting the State created an impediment that prevented him from filing his postconviction motion.[20] Torres' successive motion is not timely under § 29-3001(4)(d), because he filed his motion more than 1 year after the release of the opinions in *Hurst* and *Johnson*—the U.S. Supreme Court cases that Torres contends announced a "newly recognized right." And finally, Torres' successive motion is not timely under § 29-3001(4)(e), because it was filed more than 1 year after the default date of August 27, 2011.

We thus conclude on de novo review that the verified motion and the files and records affirmatively show that Torres' successive postconviction motion is barred by the 1-year limitations period of § 29-3001(4). Having concluded the district court was correct that the successive motion is time barred, we proceed to address Torres' arguments that the district court erred in the procedure it followed.

### IDENTIFICATION OF FILES AND RECORDS WAS ADEQUATE

Torres argues the district court violated *State v. Glover*,[21] because it did not hold a records hearing or otherwise identify the files and records on which it relied in denying postconviction relief without an evidentiary hearing. He asks that we reverse the order and remand the matter with directions to comply with *Glover*.

In *Glover*, the defendant filed a motion for postconviction relief alleging ineffective assistance of counsel. The State filed a motion asking the court to deny relief without conducting an

---

[20] See, *Amaya, supra* note 5; *Harrison, supra* note 11.

[21] *Glover, supra* note 6.

evidentiary hearing. The postconviction court held a hearing on the State's motion. At that hearing, it received a copy of trial counsel's deposition which had been taken after the postconviction motion was filed. The court then relied on the deposition to conclude the files and records affirmatively showed the defendant was not entitled to relief.

The defendant in *Glover* appealed, and we disapproved of the procedure used by the district court. We explained that the "files and records of the case"[22] upon which a postconviction court should rely in denying an evidentiary hearing are the files and records existing before the postconviction motion is filed.[23] We recognized that a district court has discretion to adopt reasonable procedures for determining which files and records to review, but we stated that if the relevant case records and files are not received at a formal "records" hearing, the court should certify and include in the transcript the files and records it considered in denying relief.[24] We have since explained that the "obvious" reason for the *Glover* procedure is to facilitate appellate review.[25]

Torres argues the district court erred because it did not hold a formal records hearing or certify the files and records it considered in denying postconviction relief. We find no error in the procedure followed here.

The district court's order made express findings regarding the history of Torres' case and based those findings on its "review of the files and records" in this case. The court's order made specific findings regarding: (1) the date of Torres' convictions, (2) the date his direct appeal became final, (3) the date he filed his prior postconviction motion and the date on which the denial of that motion was affirmed by this court, (4) the date he filed his successive postconviction motion, and (5)

---

[22] § 29-3001(2).

[23] *Glover, supra* note 6, 276 Neb. at 628, 756 N.W.2d at 162.

[24] *Id.*

[25] *State v. Lee*, 282 Neb. 652, 665, 807 N.W.2d 96, 107 (2011).

the dates both *Hurst* and *Johnson* were decided by the U.S. Supreme Court.

It was plainly evident from the court's order which files and records it relied upon, and all such records existed before the successive motion was filed and are contained in the transcript. We find no merit to Torres' first assignment of error, and there is no need to remand this matter for a formal records hearing under *Glover*.

Sua Sponte Consideration of
Statute of Limitations

Next, Torres argues the sua sponte procedure utilized by the postconviction court did not afford him sufficient notice or opportunity to be heard on the question of whether his successive postconviction motion was time barred. He asks us to either overrule or modify our recent decision in *State v. Amaya*,[26] which expressly authorized such sua sponte review.

In *Amaya*, we held a postconviction court could, but was not required to, raise the statute of limitations issue sua sponte as part of its preliminary review under § 29-3001(2).[27] The successive postconviction motion at issue in *Amaya* expressly acknowledged the 1-year limitations period of § 29-3001(4), but affirmatively alleged it was "not time barred"[28] for two reasons: (1) because the limitations period could not be retroactively applied to the inmate and (2) because an impediment created by state action prevented the inmate from filing sooner.[29] The district court found no merit to either allegation, and denied relief without an evidentiary hearing after finding the motion was time barred.

[3] On appeal, we affirmed the procedure followed by the district court. We acknowledged our prior holding that the

---

[26] *Amaya, supra* note 5.

[27] *Id.*

[28] *Id*. at 72, 902 N.W.2d at 678.

[29] *Amaya, supra* note 5. See § 29-3001(4)(c).

statute of limitations under § 29-3001(4) is an affirmative defense and not a jurisdictional requirement,[30] so a district court is under no obligation to raise a time bar sua sponte. But we held that a postconviction court is permitted to raise a time bar as part of its preliminary review, and we announced the following rule:

> [I]f, as part of its preliminary review, the trial court finds the postconviction motion affirmatively shows—either on its face or in combination with the files and records before the court—that it is time barred under § 29-3001(4), the court is permitted, but not obliged, to sua sponte consider and rule upon the timeliness of the motion.[31]

Torres notes that in *Amaya*, this court found "'instructive'"[32] the U.S. Supreme Court's reasoning in *Day v. McDonough*.[33] And although Torres concedes that the federal procedural requirements imposed in *Day* are not binding in Nebraska postconviction proceedings, he nevertheless urges us to adopt that procedure.

*Day* involved a federal petition for a writ of habeas corpus. The government's answer had admitted the petition was timely filed, but several months later, the federal court found a mathematical error and concluded the petition was untimely. The court then dismissed the petition as time barred.

The issue in *Day* was whether the court could raise the statute of limitations issue sua sponte after the government had answered the petition. Notably, the parties and the Court generally conceded that the district court could have sua sponte raised the issue of timeliness during its preliminary, pre-answer review.[34] The parties disputed only whether the

---

[30] *State v. Crawford*, 291 Neb. 362, 865 N.W.2d 360 (2015).

[31] *Amaya, supra* note 5, 298 Neb. at 77, 902 N.W.2d at 681. See § 29-3001(2).

[32] Brief for appellant at 17.

[33] *Day v. McDonough*, 547 U.S. 198, 126 S. Ct. 1675, 164 L. Ed. 2d 376 (2006).

[34] *Id.*

court lost that authority once the government had answered the petition and admitted timeliness.

The statute of limitations for federal habeas cases is similar to the statute of limitations in § 29-3001(4).[35] And like § 29-3001(4), the federal habeas limitations period is considered a nonjurisdictional, affirmative defense that can be waived by the government.[36] The U.S. Supreme Court in *Day* suggested it would generally be an abuse of discretion for a trial court to override a State's deliberate waiver of the limitations defense, but it nevertheless concluded the government's mathematical error had not amounted to a deliberate waiver. *Day* ultimately held that "district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."[37] The Court reasoned that it made "scant sense" to distinguish the statutory time bar from other "threshold constraints" federal district courts are routinely permitted to address sua sponte in habeas actions, including failure to exhaust state remedies, procedural bars, and nonretroactivity.[38]

Torres emphasizes that while *Day* permitted sua sponte consideration of limitations issues, it also imposed a specific procedure on federal courts undertaking such consideration:

> [B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions. . . . Further, the court must assure itself that the petitioner is not significantly prejudiced by the delayed focus on the limitation issue, and "determine whether the interests of justice would be better served" by addressing the merits or by dismissing the petition as time barred.[39]

---

[35] Compare § 29-3001(4), with 28 U.S.C. § 2244(d)(1) (2012).

[36] *Day, supra* note 33.

[37] *Id*., 547 U.S. at 209.

[38] *Id*.

[39] *Id*., 547 U.S. at 210 (citations omitted).

Torres urges us to either overrule *Amaya* altogether and preclude district courts from raising timeliness sua sponte, or modify *Amaya* by requiring district courts to follow the federal habeas procedure set out in *Day.* We decline both invitations.

In *Amaya*, we recognized that the plain language of § 29-3001 both authorizes and requires a district court to conduct a preliminary review of a postconviction motion to determine whether "'the files and records of the case show to the satisfaction of the court that the prisoner is entitled to no relief.'"[40] And we adhere to our holding that if, as part of its preliminary review, the district court finds the postconviction motion affirmatively shows—either on its face or in combination with the files and records before the court—that it is time barred under § 29-3001(4), the court is permitted, but not obliged, to sua sponte consider and rule upon the timeliness of the motion.[41]

In connection with such review, we are not persuaded it is necessary to endorse or require any particular procedure for a district court to follow. Instead, we leave such procedural matters to the discretion of the district court.

[4] We have long recognized that a district court has discretion to adopt reasonable procedures for determining what the postconviction motion and the files and records show, and whether the defendant has raised any substantial issues, before granting a full evidentiary hearing.[42] District courts also have discretion to adopt reasonable procedures for determining whether to rule sua sponte on the timeliness of a postconviction motion, and that necessarily includes discretion to provide the parties an opportunity to present their positions before acting sua sponte to dismiss a postconviction motion as time

---

[40] *Amaya, supra* note 5, 298 Neb. at 76, 902 N.W.2d at 680 (quoting § 29-3001(2)).

[41] *Amaya, supra* note 5.

[42] See, e.g., *Lee, supra* note 25; *Glover, supra* note 6; *State v. Bazer*, 276 Neb. 7, 751 N.W.2d 619 (2008); *State v. McLeod*, 274 Neb. 566, 741 N.W.2d 664 (2007); *State v. Dean*, 264 Neb. 42, 645 N.W.2d 528 (2002).

barred. An appellate court will examine such procedures for an abuse of discretion, which exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition.[43]

We find no abuse of discretion in the procedure followed by the district court in this case. Torres presents no argument that his successive motion was timely filed under any subsection of § 29-3001(4), and he points to nothing he might have argued or offered, if provided such an opportunity, that would have changed the court's conclusion his claim was time barred. Under these circumstances, we cannot find the procedure followed by the district court unfairly deprived Torres of a substantial right or a just result, and thus we find no abuse of discretion.

### DISTRICT COURT DID NOT REACH MERITS OF TORRES' CLAIMS UNDER *HURST* AND *JOHNSON*

Torres assigns that the district court erred in finding his successive motion failed to allege sufficient factual allegations to support his postconviction claims under *Hurst* and *Johnson*. This assignment misconstrues the nature of the dismissal in this case.

The postconviction court did not rule on the merits of Torres' postconviction claims under *Hurst* and *Johnson*, because it never reached the merits. Instead, the court dismissed the successive postconviction motion as time barred. Because of this, the district court did not address the sufficiency of the factual allegations under *Hurst* and *Johnson,* and this assignment of error lacks merit.

### PLAIN ERROR

In Torres' final assignment of error, he asserts this court committed plain error when it determined, in his direct appeal,

---

[43] *Lee, supra* note 25.

that his convictions for kidnapping, robbery, and weapons charges satisfied the first prong of the aggravator under § 29-2523(1)(a).[44] He asks this court to recognize the plain error and remand the matter for resentencing.

[5] The State argues, correctly, that Torres did not allege this claim in his successive motion for postconviction relief. We have held that an appellate court will not consider as an assignment of error a question not presented to the district court for disposition through a defendant's motion for postconviction relief.[45] We adhere to this proposition of law and express no opinion on how Torres might properly present such a claim.

[6,7] And although an appellate court always reserves the right to note plain error that was not complained of at trial or on appeal,[46] we decline to exercise that right in this instance. Plain error may be found on appeal when an error, plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process.[47] But the error about which Torres complains was dicta expressed in an alternative holding, and thus could not prejudicially affect his substantial right or result in damage to the integrity, reputation, and fairness of the judicial process.[48]

## CONCLUSION

For the foregoing reasons, we affirm the district court's order dismissing Torres' successive postconviction motion as time barred.

AFFIRMED.

---

[44] See *Torres, supra* note 1.

[45] *State v. Thorpe*, 290 Neb. 149, 858 N.W.2d 880 (2015); *State v. Haas*, 279 Neb. 812, 782 N.W.2d 584 (2010).

[46] *State v. Kantaras*, 294 Neb. 960, 885 N.W.2d 558 (2016).

[47] *Id.*

[48] See *id.*