Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/20/2019 09:07 AM CST

State of Nebraska, appellee and cross-appellant, v.
Edward D. Koch, appellant and cross-appellee.

___ N.W.2d ___

Filed September 27, 2019.    No. S-18-971.

1. **Limitations of Actions.** If the facts in a case are undisputed, the issue as to when the statute of limitations begins to run is a question of law.
2. **Appeal and Error.** When reviewing a question of law, an appellate court resolves the question independently of the lower court's conclusion.
3. **Postconviction: Final Orders: Appeal and Error.** Within a postconviction proceeding, an order granting an evidentiary hearing on some issues and denying a hearing on others is a final, appealable order as to the claims denied without a hearing. It is appealable because an order overruling a motion for postconviction relief as to a claim is a "final judgment" as to such claim under Neb. Rev. Stat. § 29-3002 (Reissue 2016).
4. **Postconviction: Pleadings: Time.** Neb. Rev. Stat. § 29-3001(4) (Reissue 2016) of the Nebraska Postconviction Act contains a 1-year time limit for filing a verified motion for postconviction relief, which runs from one of four triggering events or August 27, 2011, whichever is later.
5. **Postconviction: Limitations of Actions: Words and Phrases: Appeal and Error.** The issuance of a mandate by a Nebraska appellate court is a definitive determination of the "conclusion of a direct appeal," and the "date the judgment of conviction became final," for purposes of Neb. Rev. Stat. § 29-3001(4)(a) (Reissue 2016).

Appeal from the District Court for Cass County: Michael A. Smith, Judge. Affirmed.

Cameron Kroeger, of Berry Law Firm, for appellant.

Douglas J. Peterson, Attorney General, Erin E. Tangeman, and Maureen Larsen, Senior Certified Law Student, for appellee.

MILLER-LERMAN, CASSEL, STACY, and PAPIK, JJ., and BISHOP, Judge.

STACY, J.

Edward D. Koch appeals from an order of the Cass County District Court dismissing his motion for postconviction relief after an evidentiary hearing. The State cross-appeals, arguing the district court erred in granting an evidentiary hearing on a postconviction claim that was time barred. We affirm the dismissal of the postconviction motion.

## I. BACKGROUND

In 2014, Koch was charged with two counts of manslaughter in violation of Neb. Rev. Stat. § 28-305 (Reissue 2008). He eventually pled no contest to both counts as charged, and he was sentenced to consecutive terms of 15 to 20 years in prison for each conviction.

Koch filed a direct appeal, represented by the same attorney. The Nebraska Court of Appeals affirmed Koch's conviction and sentence in a memorandum opinion filed May 24, 2016.[1] The Court of Appeals issued its mandate to the Cass County District Court on June 28.

The record shows the mandate was filed by the clerk of the district court on July 21, 2016, and a few days later, on July 25, the district court entered judgment in accordance with the mandate. An amended judgment on the mandate was entered July 28 to correct a typographical error.

On July 19, 2017, Koch filed a verified motion for postconviction relief. The motion, which was prepared and filed by newly retained counsel, alleged that Koch's trial counsel had provided ineffective assistance in four respects. The State moved to deny postconviction relief without an evidentiary hearing, arguing, among other things, the motion was time barred. In response, Koch argued that his motion was timely

---

[1] *State v. Koch*, No. A-15-959, 2016 WL 3083135 (Neb. App. May 24, 2016) (selected for posting to court website).

under Neb. Rev. Stat. § 29-3001(4)(a) (Reissue 2016), because it was filed within 1 year of the date on which the Court of Appeals' mandate had been filed in the district court.

In an order entered November 2, 2017, the district court agreed with Koch on the issue of timeliness. It noted that under § 29-3001(4)(a), a postconviction motion must be filed within 1 year of "'the conclusion of a direct appeal.'" The district court reasoned "the issuance of an appellate opinion is not necessarily the final step in the appellate process, and that issuance and receipt of the mandate is also a part of that process." Applying this reasoning, the district court found Koch's direct appeal concluded on July 21, 2016, the date on which the Court of Appeals' mandate was filed in the district court, and thus concluded Koch's postconviction motion was timely filed within 1 year of that date.

The district court then found Koch was entitled to an evidentiary hearing on one of his four claims of ineffective assistance of counsel. It found the other three claims were either procedurally barred or insufficiently pled, and dismissed them. Neither Koch nor the State appealed the November 2, 2017, order.

An evidentiary hearing was held on the remaining claim, and the district court found Koch had failed to show his trial counsel performed deficiently. In an order entered September 18, 2018, the court therefore dismissed Koch's motion for postconviction relief.

Koch filed a timely appeal, and the State cross-appealed. We moved the appeal to our docket on our own motion.[2]

## II. ASSIGNMENTS OF ERROR

Koch assigns, restated, that the district court erred in (1) finding he was not entitled to an evidentiary hearing on three of his four postconviction claims and (2) denying his remaining postconviction claim after an evidentiary hearing.

---

[2] See Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 2018).

In its cross-appeal, the State assigns, restated, that the district court erred in granting an evidentiary hearing because Koch's postconviction motion was time barred under § 29-3001(4)(a).

## III. STANDARD OF REVIEW

[1,2] If the facts in a case are undisputed, the issue as to when the statute of limitations begins to run is a question of law.[3] When reviewing a question of law, an appellate court resolves the question independently of the lower court's conclusion.[4]

## IV. ANALYSIS

On cross-appeal, the State argues the district court erred in granting an evidentiary hearing on one of Koch's ineffective assistance claims, rather than dismissing Koch's postconviction motion as untimely. Because we find this issue dispositive, we address it first. Before doing so, however, we pause to address Koch's argument that the State's cross-appeal is not properly before us.

### 1. State's Cross-Appeal Properly Before Us

Koch argues the State's cross-appeal should not be considered for two reasons. First, he argues the timeliness ruling being challenged on cross-appeal was part of the district court's order of November 2, 2017, and the State did not timely appeal from that order. Second, Koch argues the State did not timely file its appellate brief raising the cross-appeal. We address each argument in turn and reject them both.

### (a) Timeliness of State's Cross-Appeal

[3] It is well established that, within a postconviction proceeding, an order granting an evidentiary hearing on some issues and denying a hearing on others is a final, appealable

---

[3] *State v. Torres*, 300 Neb. 694, 915 N.W.2d 596 (2018).

[4] *State v. Lotter*, 301 Neb. 125, 917 N.W.2d 850 (2018), *cert. denied* ___ U.S. ___, 139 S. Ct. 2716, ___ L. Ed. 2d ___ (2019).

order as to the claims denied without a hearing.[5] Such an order is appealable because as to the denied claim, it is a "final judgment" under Neb. Rev. Stat. § 29-3002 (Reissue 2016).[6]

As noted, the district court's order of November 2, 2017, dismissed three of the four postconviction claims raised by Koch. Neither party appealed, and Koch is thus correct that the November 2 order has become final as it regards the three dismissed claims. But the November 2 order was not a final, appealable order as to the remaining claim on which an evidentiary hearing was ordered. As to that claim, no final order was entered until September 18, 2018, when the district court denied postconviction relief following an evidentiary hearing. Koch timely appealed from the September 18 order, and in its appellate brief, the State presented a cross-appeal[7] limited to the timeliness of the claim on which the evidentiary hearing was held. There is no merit to Koch's argument that the State's cross-appeal is not properly before us because no appeal was taken from the November 2 order.

### (b) Timeliness of State's Brief

Next, Koch urges us not to consider the State's cross-appeal because the State "failed to timely file its brief" on appeal.[8] We need not discuss the circumstances under which an appellate court might accept and consider a party's untimely brief, because here, the State's brief and cross-appeal were not untimely.

The State requested, and was granted, an extension of time to file its appellate brief, and it thereafter filed its brief, which asserted a cross-appeal,[9] within the time permitted by the court. The State's cross-appeal is properly before this court, and Koch's arguments to the contrary have no merit.

---

[5] *Id.*

[6] See *id.*

[7] See Neb. Ct. R. App. P. § 2-109(D)(4) (rev. 2014).

[8] Reply brief for appellant at 7.

[9] See Neb. Ct. R. App. P. § 2-101(E) (rev. 2015).

## 2. KOCH'S POSTCONVICTION
### MOTION UNTIMELY

In its cross-appeal, the State argues it was error for the district court to grant an evidentiary hearing on Koch's claim because his postconviction motion was time barred under § 29-3001(4)(a). We agree.

[4] Section 29-3001(4) of the Nebraska Postconviction Act[10] contains a 1-year time limit for filing a verified motion for postconviction relief, which runs from one of four triggering events or August 27, 2011, whichever is later.[11] Here, the applicable triggering event is set out in § 29-3001(4)(a): "The date the judgment of conviction became final by the conclusion of a direct appeal or the expiration of the time for filing a direct appeal." As such, the question of timeliness in this case turns on whether Koch filed his postconviction motion within 1 year of the date his judgment of conviction became final by the conclusion of his direct appeal.

Koch argues his direct appeal was not concluded until the district court entered judgment on the mandate issued by the Court of Appeals. The State argues Koch's direct appeal was concluded once the Court of Appeals issued its mandate. The State is correct.

[5] In *State v. Huggins*,[12] we held "the issuance of a mandate by a Nebraska appellate court is a definitive determination of the 'conclusion of a direct appeal,' and the 'date the judgment of conviction became final,' for purposes of § 29-3001(4)(a)." *State v. Huggins* observed that when a criminal conviction is appealed, this court has often indicated the finality of the judgment is tied to the issuance of a final mandate,[13] and that

---

[10] Neb. Rev. Stat. § 29-3001 et seq. (Reissue 2016 & Cum. Supp. 2018).

[11] See *State v. Edwards*, 301 Neb. 579, 919 N.W.2d 530 (2018).

[12] *State v. Huggins*, 291 Neb. 443, 450, 866 N.W.2d 80, 85 (2015).

[13] *Huggins, supra* note 12, citing *State v. Davis*, 277 Neb. 161, 762 N.W.2d 287 (2009); *State v. Gales*, 265 Neb. 598, 658 N.W.2d 604 (2003); *State v. White*, 256 Neb. 536, 590 N.W.2d 863 (1999); and *State v. Urbano*, 256 Neb. 194, 589 N.W.2d 144 (1999).

"[u]nder Nebraska law and procedure, the issuance of a mandate by an appellate court is a clear signal that a direct appeal has been concluded."[14] Since our decision in *Huggins*, both this court and the Court of Appeals have applied the rule that for purposes of § 29-3001(4)(a), the conclusion of a direct appeal occurs when a Nebraska appellate court issues the mandate in the direct appeal.[15]

Here, it is undisputed that the Court of Appeals issued its mandate on June 28, 2016, and under our case law, that is the date on which Koch's judgment of conviction became final by the conclusion of his direct appeal for purposes of § 29-3001(4)(a). Koch filed his postconviction motion on July 19, 2017, more than 1 year after the date the mandate was issued by the appellate court. As such, his postconviction motion was time barred under § 29-3001(4)(a).

## V. CONCLUSION

We do not reach Koch's assignments of error on appeal because we find merit in the State's cross-appeal. We conclude Koch's postconviction motion was filed outside the 1-year limitations period under § 29-3001(4)(a) and was time barred. We therefore affirm the district court's order of September 18, 2018, dismissing Koch's postconviction motion, albeit on different grounds.

AFFIRMED.

HEAVICAN, C.J., and FUNKE and FREUDENBERG, JJ., not participating.

---

[14] *Huggins, supra* note 12, 291 Neb. at 449, 866 N.W.2d at 85.

[15] See, *State v. Shannon*, 293 Neb. 303, 876 N.W.2d 907 (2016); *State v. Liner*, 26 Neb. App. 303, 917 N.W.2d 194 (2018).