Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/22/2025 09:07 AM CDT

State of Nebraska, appellee, v.
Michael J. Sands, appellant.

___ N.W.3d ___

Filed April 15, 2025.    No. A-24-508.

1. **Postconviction: Constitutional Law: Appeal and Error.** In appeals
   from postconviction proceedings, an appellate court reviews de novo a
   determination that the defendant failed to allege sufficient facts to dem-
   onstrate a violation of his or her constitutional rights or that the record
   and files affirmatively show that the defendant is entitled to no relief.
2. **Limitations of Actions.** If the facts in a case are undisputed, the issue
   as to when the statute of limitations begins to run is a question of law.
3. **Postconviction: Limitations of Actions: Words and Phrases: Appeal
   and Error.** For purposes of Neb. Rev. Stat. § 29-3001(4)(a) (Cum.
   Supp. 2024), the conclusion of a direct appeal occurs when a Nebraska
   appellate court issues the mandate in the direct appeal.
4. **Postconviction: Limitations of Actions: Jurisdiction: Waiver.** The
   1-year period of limitation contained within Neb. Rev. Stat. § 29-3001(4)
   (Cum. Supp. 2024) is not a jurisdictional requirement. Instead, it is in
   the nature of a statute of limitations and can be waived by the State
   when the State fails to raise it as an affirmative defense in the dis-
   trict court.
5. **Postconviction: Limitations of Actions.** If, as part of its prelimi-
   nary review, the trial court finds the postconviction motion affirma-
   tively shows—either on its face or in combination with the files and
   records before the court—that it is time barred under Neb. Rev. Stat.
   § 29-3001(4) (Cum. Supp. 2024), the court is permitted, but not obliged,
   to sua sponte consider and rule upon the timeliness of the motion.
6. **Postconviction: Time.** Whether to rule sua sponte on the timeliness
   of a postconviction motion is a matter left to the discretion of the dis-
   trict court.
7. **Postconviction: Time: Statutes.** The State does not have the obligation
   to raise issues concerning a postconviction action at a time prior to that
   mandated by statute.

Appeal from the District Court for Hall County: Patrick M. Lee, Judge. Affirmed.

Michael J. Sands, pro se.

Michael T. Hilgers, Attorney General, and Melissa R. Vincent for appellee.

Moore, Pirtle, and Welch, Judges.

Welch, Judge.

## INTRODUCTION

Michael J. Sands appeals the Hall County District Court's denial of his successive motion for postconviction relief without an evidentiary hearing. For the reasons set forth herein, we affirm the district court's order.

## STATEMENT OF FACTS

In 2022, Sands pled no contest to theft by unlawful taking in an amount of $5,000 or more and was sentenced to 10 to 20 years' imprisonment. On direct appeal, in case No. A-22-877, Sands was represented by different counsel and alleged in his brief that the sentence imposed was excessive and that "[d]efense [c]ounsel was ineffective." This court summarily affirmed Sands' sentence and specifically found that his ineffective assistance of counsel claim was "not sufficiently pled to require analysis." The mandate issued on March 22, 2023.

On April 26, 2023, Sands filed his first motion for postconviction relief in which he generally alleged that his trial counsel was ineffective in failing to fully investigate his case. In May, the district court dismissed Sands' motion without an evidentiary hearing on the basis that it failed to "comply with the pleading requirements of Neb. Rev. Stat. §29-3001 [Cum. Supp. 2024] or subsequent cases interpreting the Nebraska Postconviction Relief Act." Sands did not appeal this denial.

On March 25, 2024, Sands filed a subsequent motion for postconviction relief in which he alleged that his trial counsel and appellate counsel were ineffective in various ways. The

district court denied Sands' subsequent motion without an evidentiary hearing, finding that his claims were without merit. Sands' successive motion for postconviction relief does not list service on the State. Sands has timely appealed to this court.

## ASSIGNMENT OF ERROR

Sands' sole assignment of error is that the district court erred in denying his motion for postconviction relief without an evidentiary hearing.

## STANDARD OF REVIEW

[1] In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Goynes*, 318 Neb. 413, 16 N.W.3d 373 (2025).

[2] If the facts in a case are undisputed, the issue as to when the statute of limitations begins to run is a question of law. *State v. Torres*, 300 Neb. 694, 915 N.W.2d 596 (2018).

## ANALYSIS

Sands contends that the district court erred in denying his motion for postconviction relief without an evidentiary hearing on the basis that his pleading and the record affirmatively show that he was entitled to relief.

As the Nebraska Supreme Court recently stated in *State v. Goynes*, 318 Neb. at 431, 16 N.W.3d at 388:

Postconviction relief is described in Neb. Rev. Stat. § 29-3001 (Cum. Supp. 2024). Pursuant to § 29-3001(1), postconviction relief is available on the ground that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Constitution of this state or the Constitution of the United States.

Under § 29-3001(1), a prisoner in custody under sentence "may file a verified motion, in the court which

imposed such sentence, stating the grounds relied upon and asking the court to vacate or set aside the sentence." Section 29-3001(2) gives the right to a hearing "[u]nless the motion and the files and records of the case show to the satisfaction of the court that the prisoner is entitled to no relief."

The Nebraska Postconviction Act contains a 1-year time limit for filing verified motions. Neb. Rev. Stat. § 29-3001(4) (Cum. Supp. 2024). Generally, the 1-year period runs from one of five triggering events. *Id*. Summarized, those triggering events in § 29-3001(4) are as follows: (a) the date the judgment of conviction became final, (b) the date the factual predicate of the alleged constitutional claim could have been discovered through due diligence, (c) the date an impediment created by state action was removed, (d) the date on which a new constitutional claim was recognized by either the U.S. Supreme Court or the Nebraska Supreme Court, or (e) the date the U.S. Supreme Court denies a writ of certiorari or affirms a conviction appealed from the Nebraska Supreme Court, if the prisoner had filed the required notice regarding the filing of a petition for a writ of certiorari.

[3,4] In the instant case, the only applicable subsection is § 29-3001(4)(a), i.e., the date the judgment of conviction became final. For purposes of § 29-3001(4)(a), the conclusion of a direct appeal occurs when a Nebraska appellate court issues the mandate in the direct appeal. *State v. Koch*, 304 Neb. 133, 933 N.W.2d 585 (2019). Here, Sands' successive motion for postconviction relief was not filed until March 25, 2024, which was more than 1 year after the mandate on Sands' direct appeal issued on March 22, 2023. But even though Sands' successive motion for postconviction relief was untimely, "the 1-year period of limitation is not a jurisdictional requirement. Instead, it is in the nature of a statute of limitations and can be waived by the State when the State fails to raise it as an affirmative defense in the district court." *State v. Boeggeman*, 316 Neb. 581, 592, 5 N.W.3d 735, 743 (2024),

*disapproved on other grounds, State v. Goynes*, 318 Neb. 413, 16 N.W.3d 373 (2025).

The State acknowledges that although the 1-year limitation period in § 29-3001(4) is in the nature of an affirmative defense and can be waived by the State's failing to raise it, the State argues that in the instant case, the 1-year limitation period has not been waived because the district court denied Sands' motion without giving the State an opportunity to respond. As such, the State argues that this court can determine the issue of whether Sands' successive motion for postconviction relief is time barred because this appeal is the State's first opportunity to raise the issue.

Although our independent research has not uncovered any case law wherein a Nebraska appellate court has considered whether a defendant's motion for postconviction relief is time barred for the first time in its appellate review, there is precedent for a district court to sua sponte consider whether a motion for postconviction relief is time barred.

[5] For instance, in *State v. Amaya*, 298 Neb. 70, 902 N.W.2d 675 (2017), the Nebraska Supreme Court addressed the issue of the State's waiver of the statute of limitations defense and the district court's right to consider the defense sua sponte. Similar to the case at bar, the district court denied a successive motion for postconviction relief without requiring notice to be served on the county attorney. The Supreme Court recognized that under such circumstances, "the State did not have an opportunity to raise the affirmative defense that the successive postconviction motion was time barred." *Id*. at 75, 902 N.W.2d at 680. After discussing the U.S. Supreme Court's holding in *Day v. McDonough*, 547 U.S. 198, 126 S. Ct. 1675, 164 L. Ed. 2d 376 (2006), wherein the U.S. Supreme Court ultimately concluded that it was permissible for federal district courts to consider sua sponte the timeliness of habeas petitions, the *Amaya* court held:

We find the reasoning of *Day* to be instructive, and we now hold that if, as part of its preliminary review,

the trial court finds the postconviction motion affirmatively shows—either on its face or in combination with the files and records before the court—that it is time barred under § 29-3001(4), the court is permitted, but not obliged, to sua sponte consider and rule upon the timeliness of the motion.

298 Neb. at 77, 902 N.W.2d at 681.

[6] And more recently, in *State v. Boeggeman*, 316 Neb. at 592, 5 N.W.3d at 743, the Nebraska Supreme Court stated that

if, as part of its preliminary review, the trial court finds the postconviction motion affirmatively shows— either on its face or in combination with the files and records before the court—that it is time barred under § 29-3001(4), the court is permitted, but not obliged, to sua sponte consider and rule upon the timeliness of the motion. Whether to rule sua sponte on the timeliness of a postconviction motion is a matter left to the discretion of the district court.

See, also, *State v. Torres*, 300 Neb. 694, 915 N.W.2d 596 (2018) (if, as part of its preliminary review, district court finds postconviction motion affirmatively shows—either on its face or in combination with files and records before court—that it is time barred under § 29-3001(4), court is permitted, but not obliged, to sua sponte consider and rule upon timeliness of motion).

In *Amaya*, the district court dismissed the postconviction motion following a preliminary review without providing notice to the State. The basis for the district court's dismissal was its sua sponte recognition of the statute of limitations violation. But here, although the district court dismissed the postconviction motion following preliminary review, it did not dismiss Sands' successive motion for postconviction relief on the basis that it was time barred; instead, the court provided an alternative basis for the dismissal. As such, as the State argues, this appeal presents its first chance to raise the statute

of limitations defense to a court. Under these circumstances, we agree that we can consider the issue.

[7] The procedure involving preliminary review of postconviction motions as it related to obligatory State participation was outlined by the Nebraska Supreme Court in *State v. Burries*, 310 Neb. 688, 693, 969 N.W.2d 96, 100 (2022):

> Under the terms of § 29-3001(1), certain "prisoner[s] in custody" have the ability to file a motion seeking postconviction relief. Upon the filing of that motion, the court has the obligation to determine whether the prisoner is entitled to no relief, in which case the motion is dismissed, or, alternatively, conclude that the defendant is entitled to a hearing to determine if he or she is entitled to relief.
>
> If it is determined that a prisoner is entitled to a hearing, the court shall, under § 29-3001(2), "cause notice thereof to be served on the county attorney." Though the State, through its county attorneys, can, and often does, participate at earlier points in the process, the State is only called upon to take action with respect to a motion once it receives notice from the court. We decline to conclude that the State has the obligation to raise issues concerning a postconviction action at a time prior to that mandated by statute.

Similar to *State v. Amaya*, 298 Neb. 70, 902 N.W.2d 675 (2017), under the circumstances of this case, the State did not raise the affirmative defense of the statute of limitations because the motion was dismissed by the district court following its preliminary review. As such, this is the State's first opportunity to raise the defense and, under such circumstances, does not constitute a waiver of the defense. By presenting the issue now on appeal, Sands has an opportunity to rebut the State's statute of limitations defense. To that end, Sands provides us with no legal basis to refute the State's claim that Sands' motion was not timely filed as evidenced on the face of the motion and the record and file before us. Under

these circumstances, we find that the district court properly dismissed Sands' successive motion for postconviction relief without a hearing, albeit on grounds different from those articulated by the district court. See *State v. Alarcon-Chavez*, 295 Neb. 1014, 893 N.W.2d 706 (2017) (when record demonstrates that decision of trial court is correct, although such correctness is based on different grounds from those assigned by trial court, appellate court will affirm).

## CONCLUSION

Having determined that Sands' successive motion for postconviction relief was time barred, we affirm the district court's denial of his motion without an evidentiary hearing.

Affirmed.