IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. BLANCO

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

MARIO BLANCO, APPELLANT.

Filed December 2, 2025.    No. A-25-400.

Appeal from the District Court for Scotts Bluff County: LEO P. DOBROVOLNY, Judge. Affirmed.

Mario Blanco, pro se.

Michael T. Hilgers, Attorney General, and P. Christian Adamski for appellee.

RIEDMANN, Chief Judge, and MOORE and BISHOP, Judges.

MOORE, Judge.

INTRODUCTION

Mario Blanco appeals from the order of the district court for Scotts Bluff County that dismissed his motion for postconviction relief as untimely. Upon our de novo review, we affirm.

STATEMENT OF FACTS

On March 24, 2022, Blanco was charged by information with one count of first degree sexual assault of a child in violation of Neb. Rev. Stat. § 28-319.01(1)(b) (Reissue 2016), a Class IB felony.

A jury trial was held on January 30, 2023. Evidence adduced at trial established that Blanco had sexually assaulted his girlfriend's 14-year-old daughter. The jury returned a guilty verdict. Blanco was subsequently sentenced by the district court to a term of 40 to 60 years' imprisonment and received credit for 386 days served.

On direct appeal, Blanco assigned that the district court erred in admitting hearsay statements made by the victim to her cousin under the excited utterance exception and that the district court's admission of hearsay evidence was not harmless error. This court affirmed Blanco's conviction and sentence in a memorandum opinion on December 5, 2023, in case No. A-23-0251. The mandate was issued on January 8, 2024.

On May 1, 2025, Blanco, now self-represented, filed a motion for postconviction relief. In that motion, Blanco raised four claims of ineffective assistance of trial counsel, including failing to pursue plea bargain possibilities with the State; denying Blanco his right to testify on his own behalf; failing to call Blanco's son as a witness at trial; and failing to obtain Blanco's text messages and investigating another theory of defense. Blanco conceded that his motion was filed outside the 1-year limitations period; however, he alleged that "the one-year limitations period is inapplicable to the defendant as his convictions and sentences are void."

That same day, the district court entered an order dismissing Blanco's motion for postconviction relief. We have set forth details of the court's reasoning in the analysis section below.

Blanco appeals.

ASSIGNMENTS OF ERROR

Blanco assigns, restated and reordered, that the district court erred by (1) finding that his postconviction claims were procedurally barred and (2) denying him an evidentiary hearing and postconviction relief.

STANDARD OF REVIEW

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Goynes*, 318 Neb. 413, 16 N.W.3d 373 (2025).

If the facts in a case are undisputed, the issue as to when the statute of limitations begins to run is a question of law. *State v. Sands*, 33 Neb. App. 554, 20 N.W.3d 923 (2025).

ANALYSIS

Blanco first contends that the district court erred in dismissing his motion for postconviction relief as untimely because his conviction and sentence are void.

Postconviction relief is described in Neb. Rev. Stat. § 29-3001 (Cum. Supp. 2024). See *State v. Goynes, supra*. Pursuant to § 29-3001(1), postconviction relief is available on the ground that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Constitution of this state or the Constitution of the United States. *Id*.

Under § 29-3001(1), a prisoner in custody under sentence "may file a verified motion, in the court which imposed such sentence, stating the grounds relied upon and asking the court to vacate or set aside the sentence." See *State v. Goynes, supra*. Section 29-3001(2) gives the right to a hearing "[u]nless the motion and the files and records of the case show to the satisfaction of the court that the prisoner is entitled to no relief." See *State v. Goynes, supra*.

The Nebraska Postconviction Act contains a 1-year time limit for filing verified motions. Neb. Rev. Stat. § 29-3001(4) (Cum. Supp. 2024). Generally, the 1-year period runs from one of five triggering events. *Id*. Summarized, those triggering events in § 29-3001(4) are as follows: (a) the date the judgment of conviction became final, (b) the date the factual predicate of the alleged constitutional claim could have been discovered through due diligence, (c) the date an impediment created by state action was removed, (d) the date on which a new constitutional claim was recognized by either the U.S. Supreme Court or the Nebraska Supreme Court, or (e) the date the U.S. Supreme Court denies a writ of certiorari or affirms a conviction appealed from the Nebraska Supreme Court, if the prisoner had filed the required notice regarding the filing of a petition for a writ of certiorari.

In the instant case, the only applicable subsection is § 29-3001(4)(a): the date the judgment of conviction became final. For purposes of § 29-3001(4)(a), the conclusion of a direct appeal occurs when a Nebraska appellate court issues the mandate in the direct appeal. *State v. Koch*, 304 Neb. 133, 933 N.W.2d 585 (2019). Here, Blanco's motion for postconviction relief was not filed until May 1, 2025, which was more than 1 year after the mandate on Blanco's direct appeal issued on January 8, 2024.

If, as part of its preliminary review, the trial court finds the postconviction motion affirmatively shows--either on its face or in combination with the files and records before the court--that it is time barred under Neb. Rev. Stat. § 29-3001(4) (Cum. Supp. 2024), the court is permitted, but not obliged, to sua sponte consider and rule upon the timeliness of the motion. *State v. Sands*, 33 Neb. App. 554, 20 N.W.3d 923 (2025). Whether to rule sua sponte on the timeliness of a postconviction motion is a matter left to the discretion of the district court. *Id*.

Here, the district court dismissed Blanco's motion for postconviction relief as untimely. The court found that the motion was filed more than 1 year after Blanco's direct appeal was concluded with the filing of the mandate in January 2024 and therefore was outside the 1-year period of limitation set forth in § 29-3001(4)(a). The court also found that the record did not show that any other limitation period set forth in § 29-3001(4) applied and that Blanco's contention that the limitation was inapplicable had no legal merit.

We find no error in the district court's conclusion that Blanco's motion for postconviction relief was time barred. Furthermore, because Blanco's motion was untimely, the district court did not err in dismissing his motion for postconviction relief without an evidentiary hearing.

CONCLUSION

Having determined that Blanco's motion for postconviction relief was time barred, we affirm the district court's dismissal of his motion without an evidentiary hearing.

AFFIRMED.