IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)

STATE V. MOORE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

MYKEZ MOORE, APPELLANT.

Filed May 12, 2026.    No. A-25-322.

Appeal from the District Court for Douglas County: LEANNE M. SRB, Judge. Affirmed.

Michael C. Pettis for appellant.

Michael T. Hilgers, Attorney General, and Austin Relph for appellee.

MOORE, PIRTLE, and WELCH, Judges.

WELCH, Judge.

### INTRODUCTION

Mykez Moore appeals from the Douglas County District Court's denial of his verified motion for postconviction relief without an evidentiary hearing as untimely. For the reasons set forth herein, we affirm.

### STATEMENT OF FACTS

In 2018, Moore pled no contest to first degree sexual assault and kidnapping, both Class II felonies. The district court sentenced Moore to consecutive terms of 40 to 45 years' imprisonment. On direct appeal, Moore's sole assigned error was that the sentences imposed were excessive. See *State v. Moore*, case No. A-19-209. This court summarily affirmed Moore's convictions and sentences. See *id*. The mandate for Moore's direct appeal was issued on September 3, 2019.

On November 1, 2024, Moore filed a verified motion for postconviction relief alleging that his trial counsel, who was also his appellate counsel on direct appeal, was ineffective for (1) failing

to diligently investigate Moore's mental health conditions; (2) failing to file a motion to obtain a psychological evaluation prior to Moore entering his pleas; (3) failing to discuss Moore's mental health conditions with Moore prior to the sentencing hearing; (4) allowing Moore to enter a plea to the charges without being advised of his right against self-incrimination and without waiving said right; (5) failing to raise the court's failure to advise Moore of his right against self-incrimination and Moore's failure to waive said right on direct appeal; and (6) failing to move to withdraw Moore's pleas after learning about his significant mental health issues as outlined in the presentence investigation report. Moore also alleged that his pleas were not entered freely, intelligently, voluntarily, understandingly, and knowingly, because the district court did not advise him of his right against self-incrimination, Moore did not waive that right, and that the district court should not have allowed him to enter a plea without first ordering a comprehensive mental health evaluation.

In response to Moore's motion, the State filed a motion to dismiss on the basis that Moore's motion was time-barred. Moore filed a response asserting that his motion was timely under § 29-3001(4)(b) because

> his one-year limitation period did not begin to run until May 24, 2024, when his counsel obtained the [presentence investigation report] documenting his untreated mental health conditions, which directly impacted his competency to plead guilty and also [Moore's] trial counsel's failure to adequately investigate [Moore's] mental health. The discovery of this factual predicate is what triggered the start of the one-year limitations period making his petition timely.

The district court overruled Moore's motion without an evidentiary hearing, noting that

> In an attempt to conform this case to the limitations period allowed by [Neb. Rev. Stat.] § 29-3001 [(Cum. Supp. 2024)], [Moore] argues that he first met with undersigned counsel in November 2023 and "[i]t has been less than one year since undersigned counsel has had an opportunity to exercise due diligence and find that there was a denial or infringement of the rights of [Moore] such that it renders the judgment void or voidable under the Constitution of the state or the Constitution of the United States." . . . However, the standard is not when a postconviction *attorney* became aware of the factual predicate for a claim, but when [the] *Defendant* could have discovered the factual predicate for the claim by the exercise of due diligence. The motion for postconviction relief contains no factual allegations showing that [Moore] was unaware of[,] or unable to[,] discover information relating to his own mental health conditions prior to November 2023. Further, the record before this Court shows that information related to [Moore's] mental health history was discussed by his trial counsel at sentencing. In this manner, this case is similar to *State v. Lotter*, [311 Neb. 878, 976 N.W.2d 721 (2022)], wherein a defendant's awareness of his mental functional limitations prior to and at trial demonstrated that the factual predicate of his claims had not been newly discovered within the year prior to the motion for postconviction relief.

> [Moore] cannot show that he was unable to discover the factual predicate for his claims prior to his November 2023 meeting with his postconviction attorney.

Moore has timely appealed to this court.

ASSIGNMENT OF ERROR

Moore's assignments of error can be consolidated into the following issue: that the district court erred in overruling his motion for postconviction relief without an evidentiary hearing on the basis that his motion was time-barred.

STANDARD OF REVIEW

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Goynes*, 318 Neb. 413, 16 N.W.3d 373 (2025).

If the facts in a case are undisputed, the issue as to when the statute of limitations begins to run is a question of law. *State v. Sands*, 33 Neb. App. 554, 20 N.W.3d 923 (2025).

ANALYSIS

Moore contends that the district court erred in overruling his motion for postconviction relief without an evidentiary hearing. Specifically, he argues that the district court erred in determining that the factual predicate for his claims could have been discovered more than 1 year prior to the filing of his motion.

Neb. Rev. Stat. § 29-3001(4) (Cum. Supp. 2024), of the Nebraska Postconviction Act, establishes a 1-year time limit for filing postconviction motions that runs from the later of five triggering events including, as relevant here, "[t]he date the judgment of conviction became final by the conclusion of a direct appeal or the expiration of the time for filing a direct appeal" or "[t]he date on which the factual predicate of the constitutional claim or claims alleged could have been discovered through the exercise of due diligence." For purposes of § 29-3001(4)(a), the conclusion of a direct appeal occurs when a Nebraska appellate court issues the mandate in the direct appeal. *State v. Koch*, 304 Neb. 133, 933 N.W.2d 585 (2019). Here, Moore's motion for postconviction relief was not filed until November 1, 2024, which was more than 1 year after the mandate on Moore's direct appeal issued on September 3, 2019. Thus, Moore's postconviction claim was time-barred unless he alleged facts which establish the factual predicate of his constitutional claim could not have been discovered through the exercise of due diligence prior to the 1-year time limitation provided by § 29-3001(4).

The factual predicate for a postconviction claim is properly understood as the "important objective facts" that support the claim. *State v. Lotter*, 311 Neb. 878, 899-900, 976 N.W.2d 721, 738 (2022). The 1-year period in § 29-3001(4)(b) begins to run when the objective facts underlying the claim could reasonably be discovered, and that date is "distinct from discovering that those facts are actionable." 311 Neb. at 900, 976 N.W.2d 738. In other words, the inquiry for purposes of § 29-3001(4)(b) concerns when the important objective facts could reasonably have been discovered, not when the claimant should have discovered the legal significance of those facts. *Id*. The factual predicate for a claim based on ineffective assistance of counsel includes facts suggesting both unreasonable performance and the resulting prejudice. *State v. Mamer*, 289 Neb. 92, 853 N.W.2d 517 (2014). Stated another way, "[t]he factual predicate for a postconviction claim

- 3 -

is properly understood as the 'important objective facts' that support the claim." *State v. Lotter*, 311 Neb. 878, 899-900, 976 N.W.2d 721, 738 (2022).

In *State v. Jackson*, 32 Neb. App. 563, 570, 2 N.W.3d 203, 210 (2024), this court stated:

In *State v. Robertson*, 294 Neb. 29, 881 N.W.2d 864 (2016), the Nebraska Supreme Court distinguished postconviction cases from other civil proceedings, holding that a postconviction action is not an ordinary civil action and that, as such, the liberal pleading rules that govern civil actions are inconsistent with postconviction proceedings. The court found that postconviction relief is a very narrow category of relief and is intended to provide relief in those cases where a miscarriage of justice may have occurred, and not to be a procedure to secure a routine review for any defendant dissatisfied with his or her sentence.

In *State v. Trail*, 319 Neb. 84, 21 N.W.3d 61 (2025), the Nebraska Supreme Court considered the defendant's arguments that his postconviction motion was timely under the equitable tolling provisions of § 29-3001(4)(c). In affirming the denial of the defendant's motion for postconviction relief, the court noted that the defendant's verified motion for postconviction relief contained no assertions of timeliness. And in *State v. Torres*, 300 Neb. 694, 915 N.W.2d 596 (2018), the Nebraska Supreme Court found that the defendant's successive motion for postconviction relief was barred by the one year limitations period noting that the defendant presented no argument that his successive motion was timely filed under any subsection of § 29-3001(4). See, also, *State v. Hill*, 310 Neb. 647, 649, 968 N.W.2d 96, 98 (2021) (in affirming denial of postconviction relief without evidentiary hearing based on § 29-3001(4), Nebraska Supreme Court noted in statement of facts that defendant "did not mention tolling or the timeliness of his motion"); *State v. Mark*, No. A-23-428, 2024 WL 938765 at * 5 (Neb. App. Mar. 5, 2024) (selected for posting to court website) (petition for further review denied May 13, 2024) ("[t]here are no allegations in [the defendant's] second postconviction motion to show that the issues he now raises did not exist at the time he filed his first postconviction motion"); *State v. Hunt*, No. A-20-241, 2020 WL 7227296 (Neb. App. Dec. 8, 2020) (selected for posting to court website) (affirming denial of motion for postconviction relief where defendant's motion failed to specifically allege when defendant learned of attorney's purported conflict of interest and counsel's alleged representation to others regarding not defending defendant and failed to allege that these facts could not have been discovered with due diligence at time of plea hearing or prior to filing of his motion for postconviction relief).

Moore's claims are centered on his counsel's ineffective assistance during his plea hearing and on appeal as it relates to his mental health and his counsel's and the court's failure to advise him of his right against self-incrimination prior to the entry of his plea. But as to both subject areas, Moore fails to allege facts which establish why these issues could not reasonably have been discovered prior to September 13, 2020, which was 1 year following the mandate in Moore's direct appeal. Moore's pleading contains allegations as to how his current counsel recently discovered the factual predicate for his claims, but that is not the standard. The standard is when the defendant could reasonably have discovered the factual predicate for his or her claims. Because Moore's action is time-barred on the face of his postconviction motion, because the State timely raised the limitations argument as an affirmative defense, and because Moore failed to plead facts which

would establish his right to further his claim, we find no error associated with the district court's dismissal of Moore's motion for postconviction relief on the basis that it was time-barred.

Finally, Moore argues "that the strict application of § 29-3001(4), when applied to defendants whose conditions themselves prevent reasonable discovery of the factual predicate, violates due process." Brief for appellant at 15. However, this was not raised in Moore's motion for postconviction relief. Although Moore mentions due process violations in his response to the State's motion to dismiss at T142, this is not sufficient to raise it before the district court. The defendant's verified motion for postconviction relief is the operative filing before the district court in considering whether to grant an evidentiary hearing. *State v. Jaeger*, 311 Neb. 69, 970 N.W.2d 751 (2022). It is also the filing that the appellate court is limited to in determining de novo if the petitioner has alleged facts that would support the claim. *Id*.

## CONCLUSION

In sum, each of the issues raised by Moore were time-barred by the 1-year limitation period set forth in § 29-3001(4) because, on the face of Moore's motion for postconviction relief, he failed to plead facts sufficient to show why his claims could not reasonably have been discovered prior to the 1-year limitation period. Accordingly, we affirm the district court's order overruling Moore's motion for postconviction relief.

AFFIRMED.